BATISTA, PLAINTIFF AND APPELLEE, *v.* RIVERA ET AL., DEFENDANTS, (SANTINI, APPELLANT).

APPEAL from the District Court of Humacao in an Action of Intervention in Ownership of Personal Property.

No. 1546.—Decided April 24, 1917.

BARTER — APPEAL — TRANSCRIPT OF RECORD — GOOD CAUSE. — When there is good cause for failure to send up within the statutory period the transcript of the record from a municipal to a district court for the purpose of an appeal to the latter from a judgment of the former, the appeal will not be dismissed.

ID.—PRICE OF BARTERED ARTICLES.—In order to prove the existence of a contract of exchange it is not necessary to show that a price was given to the articles exchanged.

ID.—AUTOMOBILES—REGISTRY OF AUTOMOBILES.—It is not sound doctrine that an exchange of automobiles in this Island cannot be considered valid unless it is duly registered in the Department of the Interior. The registry establishes a *prima facie* presumption that the property belongs to the person indicated therein; but if such person exchanges the property, the acquirer obtains the ownership when the contract is entered into and can show the existence of such contract and claim all rights derived therefrom although the automobile exchanged is still registered in the name of its former owner in the said department.

The facts are stated in the opinion.

*Mr. Carlos B. Buitrago* for the appellant.

*Mr. Luis Abella Blanco* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is a case of intervention. An automobile having been attached as the property of Juan Manuel Santini in an action brought against him by Prudencio Rivera in the Municipal Court of Caguas, Pedro R. Batista filed a complaint claiming that the said automobile belonged to him. Later, in setting forth the grounds on which he based his claim, the intervenor

alleged that he acquired the ownership of the automobile in a contract of exchange with Juan Manuel Santini. The latter and Prudencio Rivera appeared and in opposition to the allegations of the intervenor maintained that the automobile belonged to Santini. The case went to trial and the municipal court rendered judgment dismissing the complaint in intervention. The intervenor appealed therefrom to the district court. In the prosecution of the appeal several incidents occurred which we will recite later. The case having been tried *de novo* in the district court, judgment was given in favor of the intervenor and it was ordered that the automobile in question should be excluded from the attachment levied by the Municipal Court of Caguas in the action brought by Prudencio Rivera against Juan Manuel Santini, because it belonged to Pedro R. Batista, to whom it should be delivered by the marshal, with costs and disbursements against the defendants. Thereupon Santini, one of the defendants, took the present appeal.

The appellant alleges that the District Court of Humacao erred:

(1) In setting aside all the proceedings in the Municipal Court of Caguas from the date of the notice of appeal, so that the appeal taken by Pedro R. Batista should have effect.

(2) In holding that there was no rule of law providing for the dismissal of an appeal from a municipal to a district court when the secretary of the municipal court failed to send up the record in time.

(3) In weighing the evidence in favor of the intervenor.

(4) In not giving proper weight to the certificate of registration of the automobile.

1. The record contains certain documents showing that when the intervenor appealed from the judgment rendered against him by the municipal court, Juan Manuel Santini, one of the defendants in the action of intervention, moved the said court that, pursuant to section 2 of the Act regulating appeals from judgments of municipal courts, it quash the

notice of appeal because he had not been served with notice of it. The municipal court heard the parties and annulled the notice of appeal. Thereupon the intervenor applied to the district court for a writ of certiorari and the said court set aside the proceedings of the municipal court. There is no showing that the ruling of the district court in the certiorari proceedings was appealed from, and the appeal taken from the judgment of the municipal court in the action of intervention was prosecuted.

It then appears that Santini raised anew the same question in the prosecution of this last appeal, alleging besides that the transcript of the record had been sent up by the secretary of the municipal court after the expiration of the twenty days fixed by law, and asked for the dismissal of the appeal on both these grounds.

At the hearing on the motion the parties agreed that the same should be understood as based on the ground that "the transcript of the record which composes the papers of the case was sent up to this honorable court by the secretary of the Municipal Court of Caguas after the expiration of the twenty days prescribed by law for that purpose." The court heard the parties and overruled the motion.

Thus it may be seen that the ground of the first error now pleaded before this court was discarded in submitting the matter finally to the district court and, therefore, is not properly before us.

2. In overruling the motion for dismissal of the appeal, there is no doubt that the district court took an erroneous ground; namely, that there is no rule of law providing for the dismissal of an appeal from a municipal court when the secretary does not send up the record in time. "We are of the opinion," said this court by Mr. Chief Justice Hernández in the case of *Cividanes* v. *López Acosta,* 22 P. R. R. 74, "that the doctrine laid down in the case of *López Zárate* v. *Villabaso.* 12 P. R. R. 52, is applicable notwithstanding the subsequent

approval of the act to regulate appeals from judments of municipal courts in civil cases. In construing Rule 34 governing appeals from municipal courts, we said in that case that although there is no statute which expressly authorizes the dismissal of an appeal when the transcript of the record was not sent up to the district court within the ten days following the perfection of the appeal, the provisions of section 7 of the Civil Code, which are applicable not only to questions of substantive law but also to matters of procedure, and especially the provisions of section 36 of the Code of Civil Procedure, are sufficient to warrant the dismissal of the appeal when the transcript of the record is not filed within the said period.

"The action of the district court in dismissing the appeal by its order of November 5 is warranted in view of the fact that, according to the doctrine which we have cited, section 303 of the Code of Civil Procedure, providing that if the appellant fail to furnish the requisite papers in an appeal to this court the appeal may be dismissed, is applicable to this case by analogy."

But, while this is true, the fact is that the record shows that the appellant was not negligent in this case. As we have seen, his appeal was annulled by the municipal court; wherefore he was then compelled to institute certiorari proceedings in the district court; and it was when these proceedings had been duly terminated that the secretary of the municipal court found himself in a position to send up the copies required by law, this explaining why the said copies were not sent up until July 25, notwithstanding that the appeal was filed on June 12. Therefore there was just cause for the delay and the dismissal of the appeal was not proper.

3. In weighing the evidence examined at the hearing the court made the following findings of fact:

"From the evidence examined the court finds that about the month of February, 1914, Pedro R. Batista and Juan Manuel Santini

entered into a contract of exchange whereby Batista gave a Thomas automobile and a house to Santini in exchange for a Buick automobile. This fact, in the opinion of the court, has been clearly proved by the testimony of the intervenor and several witnesses who were present when the transaction took place and whose testimony was not rebutted during the trial.

"It has also been proved that in an action of debt which Prudencio Rivera brought against Juan Manuel Santini in the Municipal Court of Caguas, the said automobile, which really belonged to Batista and not to Santini inasmuch as Santini bartered it to the intervenor in this case, in whose possession it was found when the marshal levied the attachment, was attached as the property of Santini."

We have examined the evidence, which is contradictory on some points, and cannot agree with the appellant that the court committed reversible error in weighing the evidence in the manner in which it did.

In the argument on this error it is also contended in the brief that the existence of a contract of exchange was not proved, because it was not shown that any price was put upon the things exchanged.

The appellant is wrong. According to section 1441 of the Civil Code, exchange is a contract by which each of the contracting parties binds himself to give a thing in order to receive another. And Manresa, in considering the relations between such a contract and a contract of purchase and sale, says:

"We have already said that purchase and sale and barter are manifestations of a single fundamental act—exchange. The difference between the two contracts is that the former contains an element not to be found in the latter. This element is the price, the nature and requirements of which we have already discussed. This being the only difference between purchase and sale and barter, it follows that the two contracts necessarily have much in common in characteristics and form, inasmuch as they are both methods of exchange and are both included in the so-called transfers of ownership. The distinguishing element consists of the price; of the mediation of money or its equivalent." X Manresa, Spanish Civ. Code 424:

4. In referring to the introduction by defendant-appellant Santini as proof of the ownership of the automobile of a certificate attesting that the automobile was registered in the Department of the Interior in his name, the trial court expressed itself as follows:

"It is obvious that a certificate from the registry of automobiles establishes a *prima facie* presumption of the ownership of the car, but such presumption is destroyed when it is shown in a clear and satisfactory manner, as has been done in this case, that the person in whose name it is recorded in the registry of automobiles as the owner of the car has disposed of it and the car is found in the possession of another."

Therefore the district court did not commit the last of the errors assigned.

It seems to be the purpose of the appellant to maintain that no transfer of automobiles in this island is valid unless duly registered in the Department of the Interior. Such an opinion is not admissible. It is true, as held by the trial court, that the registry establishes a *prima facie* presumption that the automobile belongs to the person in whose name it is recorded in the registry, but if that person exchanges it, as was done in the present case, the transferee acquires the ownership from the moment the contract is made, and may prove the existence of such contract and claim all the rights derived therefrom even when the automobile exchanged continues registered in the name of its former owner in the Department of the Interior.

For the foregoing reasons the judgment appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.